THOMAS, J.,
for the court.
¶ 1. Robert Tubwell, pro se, appeals an order of the Circuit Court of Hinds County, Mississippi denying his petition for post-conviction relief. Aggrieved, Tubwell perfected this appeal, raising the following issue as error:
THE LOWER COURT COMMITTED MANIFEST ERROR IN DISMISSING TUBWELL’S MOTION FOR POST-CONVICTION RELIEF.
Finding no error, we affirm.
FACTS
¶ 2. On July 6, 1989, Tubwell pled guilty to armed robbery. The trial court judge found Tubwell’s guilty plea to be voluntarily, intelligently and knowingly made. The trial court judge then sentenced him to serve a term of twenty years in the custody of the Mississippi Department of Corrections, with fifteen years suspended and five years of probation. On April 26, 2000, almost eleven years after entering a guilty plea, Tubwell petitioned the lower court for post-conviction relief. The lower court held this petition to be time barred.
ANALYSIS
DID THE LOWER COURT COMMIT MANIFEST ERROR IN DISMISSING TUBWELL’S MOTION FOR POST-CONVICTION RELIEF?
¶ 3. Mississippi Code Annotated § 99-39-5(2) (Supp.2001), states that:
A motion for relief under this article shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years *154 after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at theftime of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
Id. Tubwell submitted his petition almost eleven years after offering a guilty plea. None of the above listed exceptions apply to the case at hand. Therefore, this assertion of error is without merit.
¶ 4. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING POST-CONVICTION RELIEF WITH PREJUDICE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.